UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JOHN TROTTER,<br><br>    Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF CALIFORNIA, CALAVERAS COUNTY,<br><br>    Respondent. | Case No. 1:21-cv-00570-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO EXHAUST CLAIM AND TO DISMISS CLAIM AS PROCEDURALLY BARRED[1]<br><br>OBJECTIONS DUE IN TWENTY-ONE DAYS<br><br>(Doc. No. 1) |

    Petitioner Christopher John Trotter, a state prisoner proceeding *pro se*, has pending a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1). This matter is before the Court for preliminary review. *See* Rules Governing § 2254 Cases, Rule 4; 28 U.S.C. § 2243. Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). Courts have "an active role in summarily disposing of facially defective habeas petitions" under Rule 4. *Ross v. Williams*, 896

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

F.3d 958, 968 (9th Cir. 2018) (citation omitted). As more fully set forth herein, based on the facts and governing law, the undersigned recommends that the Petition be dismissed because the sole ground for relief raised in the Petition is unexhausted and now procedurally barred.

## I. BACKGROUND

Petitioner initiated this case on April 4, 2021 by filing the instant petition. (Doc. No. 1, "Petition"). Petitioner is currently serving an eight-year prison sentence entered by the Calaveras County Superior Court on October 5, 2018 for his *nolo contendere* plea-based conviction for arson. (*Id*. at 2). The Petition raises one ground for relief. (*Id*. at 3). Specifically, Petitioner claims that he is being denied certain incarceration credits to which he is entitled. (*Id*.). Attached to the Petition is a copy of Petitioner's plea proceedings during which the court and counsel reviewed and discussed the various credits due to Petitioner. (Doc. No. 1-1).

## II. APPLICABLE LAW AND ANALYSIS

A petitioner in state custody who wishes to proceed on a federal petition for a writ of habeas corpus must exhaust state judicial remedies. *See* 28 U.S.C. § 2254(b)(1). Exhaustion is a "threshold" matter that must be satisfied before the court can consider the merits of each claim. *Day v. McDonough*, 547 U.S. 198, 205 (2006). The exhaustion doctrine is based on comity and permits the state court the initial opportunity to resolve any alleged constitutional deprivations. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To satisfy the exhaustion requirement, petitioner must provide the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995). The burden of proving exhaustion rests with the petitioner. *Darr v. Burford*, 339 U.S. 200, 218 (1950) (overruled in part on other grounds by *Fay v. Noia*, 372 U.S. 391 (1963)). A failure to exhaust may only be excused where the petitioner shows that "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii).

Petitioner states he sought relief for this same claim at the state appellate court, but he acknowledges he has not sought review in the state supreme court. (Doc. No. 1 at 3); *see People*

*v. Trotter*, No. C089651 (Cal. App. 3d 2021). Indeed, Petitioner indicates that the state appellate court denied him relief on February 26, 2021. (*Id*.). The court takes judicial notice of the California Courts Appellate Courts Case Information online database pursuant to Rule 201 of the Federal Rules of Evidence, which lists no supreme court cases for petitioner.[2] Because it appears Petitioner has failed to exhaust his claim, the undersigned recommends the court dismiss the petition because the sole ground for relief is unexhausted. If Petitioner presented his claim to the California Supreme Court, he should provide proof of this filing to the court in his objections to these findings and recommendations.

Furthermore, given the date in the Petition that the state appellate court denied petitioner's claim on appeal (February 26, 2021), it appears that petitioner's sole ground for relief is now procedurally barred. Federal review of the merits of a claim is barred where the state would apply a mandatory rule of procedure that would preclude a petitioner from raising his claim in state court. *See Moreno v. Gonzalez*, 116 F.3d 409, 411 (9th Cir. 1997); *Johnson v. Lewis*, 929 F.2d 460, 462–64 (9th Cir. 1991). Here, Petitioner's state direct appeal was complete on March 26, 2021. Under California state procedural rules, his petition for review was due in the California Supreme Court 40 days later, no later than April 7, 2021. *See* Cal. R. Ct. 8.366(b)(1); 8.500(e)(1)-(2) (A criminal appeal is final 30 days after the filing of the appellate opinion; a petition for review before the California Supreme Court is due 10 days after the appellate decision is final and the time to file a petition for review may not be extended absent a rare circumstance). Accordingly, unless Petitioner can avail himself of one of the rare circumstances to excuse his untimely filing of his petition for review in the California Supreme Court, his sole ground for relief would be procedurally barred from federal habeas review.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2);

---

[2] https://appellatecases.courtinfo.ca.gov/search.cfm?dist=0 (search "Search by Party" for "Christopher Trotter").

3

*see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. The petition (Doc. No. 1) be DISMISSED.
2. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, a party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

///
///
///

4

IT IS SO ORDERED.

Dated: June 22, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE